IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK NEFF,

                                          OPINION and ORDER

                Petititoner,

                                          16-cv-749-bbc

   v.

LOUIS WILLIAMS II,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Mark Neff is a federal prisoner who was convicted in 1994 in the United States District Court for the Central District of Illinois for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and sentenced as a armed career criminal under § 924(e)(1) based in part on a prior conviction for burglary in Illinois in 1984. Dkt. #1; Neff v. United States, 129 F.3d 119 (7th Cir. 1997) ("In the spring of 1984, he pleaded guilty to two counts of residential burglary in Greene County, Illinois and was sentenced to a five-year prison term."). Petitioner is now incarcerated in this district at the Federal Correctional Institution in Oxford, Wisconsin. He brings a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he contends that the 1984 Illinois burglary conviction can no longer be used to enhance his sentence in light of the recent decision in Mathis v. United States, 136 S. Ct. 2243, 2248-50 (2016), in which the Supreme Court held that a burglary counts as a predicate crime under the Armed Career Criminal Act only "if its elements are the same

1

as, or narrower than, those of the generic offense," which requires unlawful entry into a "building or other structure."

On March 20, 2017, I screened the petition and directed Warden Louis Williams II to respond. Dkt. #5. Respondent filed a response to the petition on May 24, 2017, in which he argues that Mathis is of no help to petitioner because the Illinois residential burglary statute under which petitioner was convicted is no broader than generic burglary. Dkt. #9.

I noted in the screening order that although the Supreme Court has not held expressly that the Mathis decision applies retroactively to cases like petitioner's, I was willing to consider petitioner's substantive arguments in light of the fact that a few district courts in this circuit have found that Mathis is retroactive because it announced a substantive rule of law. On reflection, I disagree with those decisions. As I concluded recently in another case, Van Cannon v. United States, case nos. 16-cv-433-bbc and 08-cr-185-bbc (Jul. 10, 2017), I cannot consider the merits of petitioner's argument under Mathis because I find that the decision is not retroactive. This means that petitioner still has three predicate convictions and that his petition for habeas corpus relief must be denied.

OPINION

As I explained in the screening order, a federal prisoner challenging his conviction or sentence ordinarily must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district in which he was convicted. Brown v. Caraway, 719 F.3d 583, 586 (7th Cir.

2

2013).  However, § 2255(e) allows a federal prisoner to "petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Respondent does not contest that § 2255(e) applies in this case.  To satisfy § 2255(e), a prisoner must show three things:  (1) his petition is based on a rule of statutory law; (2) he is relying on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) the sentence enhancement must have been a grave enough error to be deemed a miscarriage of justice.  Light v. Caraway, 761 F.3d 809, 812-13 (7th Cir. 2014); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998).  Although petitioner can satisfy the first requirement and he has made strong arguments that his sentence enhancement violates the holding in Mathis, he cannot satisfy the second requirement related to retroactivity.

Contrary to other decisions the Supreme Court has reached concerning the Armed Career Criminal Act, the Court has not issued an express ruling finding Mathis retroactive. For example, in the year following its holding that residual clause of the Act was unconstitutional in Johnson v. United States, 135 S. Ct. 2551 (2015), it issued a ruling making it explicit that holding applied retroactively to prior convictions that had been based on the residual clause.  Welch v. United States,136 S. Ct. 1237 (2016).

In addition, the decision in Mathis does not meet the usual criteria for retroactivity. Instead of recognizing a new right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255(f)(3), the Court merely reaffirmed its 1990 holding in Taylor v. United States, 495 U.S. 575 (1990), that

3

"a prior conviction cannot qualify as an [Armed Career Criminal Act] predicate if its elements are broader than those of a listed generic offense." Mathis, 136 S. Ct. at 2251. In other words, this is not an issue on which "new law has been made since the time of the appeal." Davis v. United States, 417 U.S. 333, 342 (1974) (holding that collateral relief from federal conviction is available when there is intervening change in substantive law). Instead, petitioner is raising an issue that has been settled since the Court decided in Taylor, 27 years ago, that for Armed Career Criminal Act purposes, "burglaries" are limited to those whose elements make up the generic form of the offense, that is, unlawful entry into a building or structure without consent and with intent to commit a crime. Mathis, 136 S. Ct. at 2247 ("For more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense."). Accordingly, I conclude that petitioner has no ground on which to argue that he is raising an issue of new law and that his motion for habeas corpus relief must be denied.

This conclusion seems straightforward, but the court of appeals' language in a recent case, Holt v. United States, 843 F.3d 720 (7th Cir. 2016), gives me pause. Holt filed a collateral attack on an old sentence imposed on him under the Armed Career Criminal Act, contending that the sentencing court had erred in attributing a prior burglary offense to him. His motion was denied, but shortly afterward the court of appeals found that the particular version of the burglary offense of the Illinois statutes at issue was not a violent felony "because it did not satisfy the definition of burglary used in Mathis" for indivisible statutes."

4

Id. at 721 (citing United States v. Haney, 840 F.3d 472 (7th Cir. 2016)). After supplemental briefing, the court of appeals concluded that the motion was petitioner's second collateral attack and could not be heard unless the court were to certify that it rested on newly discovered evidence or was "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that has previously been unavailable." § 2255(h)(2). The court of appeals added that "substantive decisions such as Mathis presumptively apply retroactively on collateral review," id. (citing Montgomery v. Louisiana, 136 S. Ct. 718 (2016); Davis, 417 U.S. 333 (1974)), but did not explain why it considered Mathis a new substantive rule of federal constitutional dimensions. Although the statements in Holt do not change my conclusion in petitioner's case, I will issue petitioner a certificate of appealability so that he may challenge my decision in the court of appeals if he chooses to.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). In this case, I cannot say that petitioner has failed to make a substantial showing of a denial of a

5

constitutional right, so the certificate will issue.

ORDER

IT IS ORDERED that petitioner Mark Neff's petition for habeas corpus relief is DENIED. A certificate of appealability shall issue.

Entered this 17th day of August, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge